In re KAYSER.

Appeal of WEISBROD & HESS.

(Circuit Court of Appeals, Third Circuit. January 17, 1910.)

Nos. 79, 1,300.

1. BANKRUPTCY (§ 164*)—CREDITORS OF BANKRUPT'S WIFE—PAYMENT—"PREFERENCE."

That a bankrupt who was insolvent paid $2,600 of his money to creditors of his wife did not constitute a preference under Bankruptcy Act July 1, 1898, c. 541, § 60a, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), defining "preference," though the effect of such payment was to reduce the percentage which would otherwise be paid to the petitioning creditor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 267; Dec. Dig. § 164.*

For other definitions, see Words and Phrases, vol. 6, pp. 5498, 5499; vol. 8, p. 7759.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. BANKRUPTCY (§ 180*)—FRAUDULENT CONVEYANCES—INTENT.**

Payment by a bankrupt while insolvent, on his wife's separate debt, cannot be recovered by the bankrupt's trustee as fraudulent in the absence of evidence and a finding that the bankrupt was actuated by a fraudulent intent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 252; Dec. Dig. § 180.*]

**3. FRAUDULENT CONVEYANCES (§ 271*)—FRAUD—BURDEN OF PROOF.**

One averring fraud as a ground for vacating a conveyance has the burden of proving the fraud alleged.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 796–798; Dec. Dig. § 271.*]

Appeal from the District Court of the United States for the District of New Jersey.

In Equity. In the matter of the bankruptcy proceedings of Albert Emil Kayser. Bill by the trustee against Weisbrod & Hess to recover a payment made by the bankrupt alleged to be fraudulent and to constitute a preference. From a judgment for the trustee, defendants appeal. Reversed, with instructions.

Frederick A. Rex, for appellants.

Herbert A. Drake, for appellee.

Before BUFFINGTON, Circuit Judge, and J. B. McPHERSON, District Judge.

J. B. McPHERSON, District Judge. Albert Emil Kayser having been adjudged a bankrupt, his trustee seeks by the present bill in equity to recover from Weisbrod & Hess $2,600 of the bankrupt's money which they received from him under circumstances that are said to make the payment preferential. The testimony shows the facts to be as follows: The bankrupt's wife inherited from her mother the fee of a house in which the business of a hotel and saloon had been carried on for several years before the mother's death. The bankrupt, his wife, and her mother, had lived together in the house, and the household furniture on the premises was probably the property of the mother; but the liquor license was in the name of the bankrupt, and the business of the hotel and saloon was under his control. In 1896 Mrs. Kayser, who had then become the owner of the house, borrowed $2,000 from Weisbrod & Hess, and secured it by a duly recorded mortgage on the real estate. In 1901 she borrowed from the same persons $1,550 additional, securing the loan by a bond and warrant in which her husband joined, and this bond was also entered of record. The remaining facts upon which the present controversy arises are thus stated in the opinion of the District Court:

"On October 7, 1905, less than four months before the petition in bankruptcy was filed, Kayser, by written contract, agreed to sell his saloon business in Camden, N. J., to one Valentine Schwoebel, for the sum of $3,900. His wife was the owner of the house in which the business was carried on. The purchase price of $3,900 was paid by Schwoebel in the following manner: $500 in cash to Kayser, on October 7, 1905, and $1,400 in cash to Kayser, on November 4, 1905. On the last-mentioned date Schwoebel also gave his bond and warrant to the defendants for $2,000. The defendants thereupon credited that sum on the indebtedness of Kayser's wife to them, and Kayser gave Schwoebel

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

a receipt in full for the purchase price of $3,900. About December 14, 1905, Kayser's wife paid in cash to the defendants the sum of $600, which was also credited on her indebtedness to them. This sum was paid out of the $1,400 received by Kayser on November 4th. It is these two sums of $2,000 and $600 that the complainant now seeks to recover from the defendants."

The District Court further found that the business was the bankrupt's, and not his wife's and that the purchase price was his, and not hers.

We accept these findings as correct, but we are unable to draw the conclusion that the payment was a "preference" as that word is defined by the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]). Section 60a declares, inter alia, that:

"A person shall be deemed to have given a preference, if, being insolvent, he has within four months, etc., made a transfer of his property, and the effect of the enforcement of such * * * transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."

As we think, one requirement of this definition has not been met by the foregoing facts. It is true that the bankrupt was insolvent when the $2,600 was paid. It is also true that the money was his, and that the effect of paying it to Weisbrod & Hess will be to reduce the percentage that would otherwise be paid to the petitioning creditor; but it is not true that Weisbrod & Hess were creditors of the bankrupt. On the contrary, the undisputed testimony shows that they were creditors of his wife, and that the loans upon which the $2,600 was paid and credited were made to her and upon the credit of her separate property. In this essential particular the facts do not fit the statutory definition of a preferred creditor. The learned judge has stated that the payment may have been preferential, but he does not so declare it in terms. His statement is contingent, and is wholly based upon the assumption that the debt was the bankrupt's, and not his wife's:

"If it be assumed that the indebtedness to the defendants was created in connection with the saloon business, then, since that business was Kayser's and not his wife's, and since Kayser was insolvent on November 4 and December 14, 1905, complainant is entitled to recover because of the unlawful preference. * * * It follows, therefore, if we assume Kayser and not his wife to have been the defendants' debtor, that the defendants acquired a preference contrary to section 60b of the bankruptcy act."

But we think it cannot be assumed that Kayser was the debtor. The district court does not find that the fact was so; and, as we have just stated, the uncontradicted testimony leads to the opposite conclusion.

After the examiner had taken the testimony upon the bill as originally filed, the counsel for the trustee apparently felt the weakness of his case; for, after both sides had put in their evidence, he sought and obtained permission to amend by charging the transaction to have been, not a preference, but a fraudulent transfer by the bankrupt in violation of section 67e. After this amendment was allowed, some further testimony was taken, and the argument both in the District Court and in the Court of Appeals was directed to the charge of fraud as well as to the charge of unlawful preference. But on the point of fraud the difficulty is the absence of evidence from which the neces-

sary intent can be found. The learned judge does not find that the payment of the $2,600 was fraudulent; he contents himself with showing what is perfectly true—that Weisbrod & Hess received money that belonged to the bankrupt, and applied it in partial payment of a debt that was due by his wife. But although he concludes that they must account to the trustee for this money, he is careful—and we think he was properly careful—to omit the finding that the payment was intended by the bankrupt to delay, hinder, or defraud his creditors. In our opinion, the evidence would not have justified such a conclusion, and the learned judge was right in declining to commit himself to that position. But as a finding of fraudulent intent is nevertheless essential before a decree in favor of the trustee can be supported, we have examined all the testimony that bears upon this point, and have reached the result that in our opinion the transaction was in good faith. We think that the only intention of the bankrupt was innocent, and that he had no other purpose than to diminish his wife's debt by making a partial payment thereon. It is probable that the original loans may to some extent at least have been applied in aid of the business, and it was therefore proper and reasonable that as the business was now coming to an end he should devote a portion of the proceeds to clear off some of the burden that she had placed upon her property. Such an intent would not of itself be fraudulent, and the trustee offered no evidence which is sufficient to turn an apparently innocent transaction into one which was in fact unlawful. No authority need be cited for the proposition that he who avers fraud takes upon himself the burden of proving it; and the very best that can be said for the testimony in the present case is that it fails to support the burden and leaves the charge in serious doubt.

The decree is therefore reversed, with costs, and the District Court is instructed to dismiss the bill.